# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SALEM VEGAS, L.P.,                )
                                  )
        Plaintiff,              )   Case No.  2:12-cv-01892-GMN-CWH
                                  )
vs.                               )   **ORDER**
                                  )
ANTHONY GUANCI,                   )
                                  )
        Defendant.              )
_____)

        This matter is before the Court on Plaintiff Salem Vegas' Motion to Vacate (#36), filed April 3, 2013; Defendant's Response (#41), filed April 10, 2013; and Plaintiff's Reply (#42), filed April 12, 2013.

        Plaintiff Salem Vegas, L.P. ("Salem Vegas") requests that the Court vacate its prior order granting Defendant's motion to quash for non-opposition.  *See* Order (#34).  Salem Vegas argues the request is warranted because (1) the motion to quash did not contain a certificate of service as mandated by Local Rule ("LR") 5-1, and (2) the failure to oppose was the result of excusable neglect.  Defendant opposes the request arguing that it properly served the motion to quash and would be prejudiced if the motion were vacated.[1]  In reply, Salem Vegas reiterates that the failure to oppose was the result of excusable neglect and requests that it be allowed to file its opposition within seven (7) days.

        Local Rule 5-1 provides that "papers required or permitted to be served shall have attached, when presented for filing, a written proof of service."  LR 5-1(a).  In its discretion, the Court "may refuse to take action on any paper until a proof of service is filed" and may "strike the unserved

---

[1] Defendant also argues that the motion to quash is moot because of the substitution of Salem Las Vegas, L.P. for Eugene Kessler as the real party in interest.  The Court declines to find the motion moot based on the substitution.

paper or vacate any decision made on the unserved paper." LR 5-1(b). Absent material prejudice, the Court also retains discretion to allow a proof of service to be amended or supplied at any time. The record in this matter demonstrates that service of the motion to quash was appropriate. In local counsel's affidavit, he makes clear that he received the motion to quash electronically but did not forward it on to out-of-state counsel who, although admitted pro hac vice, had not registered with the Court's CM/ECF system as instructed. *See* Order (#24). Salem Vegas also supplied a certificate of service (#40) indicating that the motion to quash was served electronically on local counsel the day the motion was filed. The time to perform any act under the local rules or federal rules runs from the time of service on local counsel. *See* LR IA 10-2(d). Consequently, the Court concludes that vacating the order based on the failure to provide a proof of service is not appropriate.

The more pressing question is whether the Court should vacate the order for excusable neglect under Fed. R. Civ. P. 60(b). Rule 60 provides that "the court may relieve a party or its legal representative from a final . . . order . . . for . . . excusable neglect. Fed. R. Civ. P. 60(b)(1). In evaluating excusable neglect, the court considers the following factors: (1) the reason for the delay and whether it was in the reasonable control of the moving party, (2) whether the moving party acted in good faith, (3) the length of the delay and its potential impact on the proceedings, and (4) the danger of prejudice to the nonmoving party. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993); *see also Comm. for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 825 n. 4 (9th Cir.1996).

The reason for the delay, a breakdown in communication between counsel, is unfortunate. However, in light of the surrounding circumstances and other facts, the Court will not erect a rigid barrier based on the communication error. To be sure, a lawyer's failure to read and understand an applicable rule is "one of the least compelling excuses that can be offered." *See Pincay v. Andrews*, 389 F.3d 853, 859. Nevertheless, as the Ninth Circuit has stated, "the nature of the contextual analysis and the balancing of the factors adopted in *Pioneer* counsel against the creation of any rigid rule." *Id.* There was minimal delay in filing the motion to vacate subsequent to the original order. There is nothing in the record suggesting the failure to oppose was nefarious or undertaken

1  for tactical purposes.  Vacating the order and permitting a response will have minimal, if any,
2  impact on the proceedings as significant time for discovery remains.  Finally, in the undersigned's
3  view there is no danger of prejudice to the nonmoving party in allowing a response and considering
4  the motion to quash on its merits.

5  Based on the foregoing and good cause appearing therefore,

6  **IT IS HEREBY ORDERED** that Plaintiff Salem Vegas' Motion to Vacate (#36) is
7  **granted**.

8  **IT IS FURTHER ORDERED** that Plaintiff's response to the motion to quash (#34) shall
9  be filed by **4:00 PM on Tuesday, May 7, 2013**.  The failure to file a timely response will result in
10  the motion to quash being granted and issuance of an order to show cause why Plaintiff should not
11  be sanctioned.

12  **IT IS FURTHER ORDERED** that the reply, if any, shall be filed by **Tuesday, May 14,**
13  **2013**.

14  DATED: May 3, 2013.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**