1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

7   SALEM VEGAS, L.P.,                    )
8                   Plaintiff,            )        Case No.  2:12-cv-01892-GMN-CWH
                                          )
9   vs.                                   )        **ORDER**
                                          )
10  ANTHONY GUANCI,                       )
                                          )
11                  Defendant.            )
    _____)

12
13          This matter is before the Court on Non-Party Palms Place, LLC's Motion to Quash
14  Subpoena issued to Wells Fargo Bank (#29), filed February 27, 2013; Plaintiff Salem Vegas'
    Response (#46), filed May 7, 2013; and Palms Place LLC's Reply (#51), filed May 14, 2013.[1]

15                                  **BACKGROUND**
16
17          The parties and Court are familiar with the factual background and nature of the claims in
18  this matter.  There is no need to recite them in full here.  The current motion was filed by Non-
    Party Palms Place, LLC (hereinafter "Palms Place").  Palms Place seeks to quash a Rule 45
19  subpoena issued to Wells Fargo Bank requesting certain bank records and information.  Palms
20  Place makes its claim pursuant to Fed. R. Civ. P .45(c)(3)(A)(iii) asserting the motion should be
21  quashed because it seeks privileged or other protected matter.  Specifically, Palms Place claims that
22  permitting access to the records sought would violate its privacy rights.  Palms Place claims further
23  that none of the information requested is relevant to a claim or defense and, in all likelihood, is
24  being sought as an end around an existing subordination agreement.

25          In response, Plaintiff argues that Palms Place does not have standing to challenge the Rule
26

27
28          [1]  The motion to quash (#29) was originally granted for non-opposition pursuant to Local Rule 7-2.  *See*
    Order (#34).  However, on May 3, 2013, the Court vacated the prior order and reopened the briefing.  *See* Order
    (#44).

1  45 subpoena issued to Wells Fargo because (1) Palms Place is not a person "subject to" the

2  subpoena and (2) Palms Place is a non-party to the litigation.  Plaintiff argues further that, assuming

3  Palms Place has standing to challenge the subpoena, it has failed to adequately articulate a

4  particularized personal right or privilege.  Lastly, Plaintiff argues the information requested is both

5  relevant and necessary.

6        Palms Place replies that Plaintiff's position on standing is "ridiculous" and reiterates its

7  belief that it clearly has standing to object to release of its own records.  Palms Place also reiterates

8  its position that the subpoena seeks irrelevant information and is nothing more than a request for

9  unfettered access to Palms Place confidential financial and personal information.

10                                          **DISCUSSION**

11        The first question the Court must answer is whether Palms Place has standing to bring this

12  motion.  The undisputed facts surrounding the motion are very clear.  The subpoena in question

13  was issued pursuant to Fed. R. Civ. P. 45 to non-party Wells Fargo.  Wells Fargo has provided a

14  notice of objections to Plaintiff regarding the requested information.  *See* Ex. 2 attached to Reply

15  (#51).  Palms Place, though originally named in the suit, was dismissed prior to the filing of this

16  motion and is not a party to the lawsuit.

17        Citing Fed. R. Civ. P. 45(c)(3)(A)(iii), Palms Place argues the Rule 45 subpoena served on

18  Wells Fargo must be quashed.  *See* Mot. (#29) at 8:18 - 9:3.  Palms Place does not dispute that it is

19  no longer a party to this case, having been dismissed voluntarily prior to the present dispute.  *See*

20  (#19).  Nevertheless, Palms Place asserts that it has standing to request the subpoena be quashed

21  because the subpoena seeks personal, private information that relates to Palms Place.  Citing *In re*

22  *The Rhodes Companies, LLC*, 475 B.R. 733 (D. Nev. 2012), Plaintiff argues that Palms Place is not

23  a party and not the person subject to the subpoena and, therefore, has no standing to request that the

24  subpoena be quashed.  The Court agrees that, under *Rhodes Companies*, Palms Place does not have

25  standing to quash a subpoena pursuant to Rule 45(c)(3)(A)(iii).  Though *Rhodes Companies* arose

26  in the context of an appeal to the District Court from the Bankruptcy Court, it addressed the precise

27  question of standing under Rule 45(c)(3)(A) that is presented here.  In *Rhodes Companies* a non-

28  party sought to quash several Rule 45 subpoenas issued and directed toward third parties.  *Rhodes*

*Companies*, 475 B.R. at 735.  The Bankruptcy Court denied the motion for several reasons, including that the challenging party did not have standing because he was not a party to the subpoenas.

On appeal, the District Court addressed the question of whether the challenging party had standing to quash the subpoenas based on his claim of a personal right and privilege in the information and documents sought. *Id*. at 737.  The District Court addressed two different arguments advanced in *Rhodes Companies* to support the standing argument.  First, the Court rejected the argument that a party has standing to move to quash a subpoena that infringes on the moving party's "legitimate interests" because the "legitimate interest" rule applies to criminal subpoenas, not a motion to quash under Rule 45.  *Id*. at 738 (citing *United States v. Raineri*, 670 F.2d 702, 712 (7th Cir. 1982); *In re Yassai*, 225 B.R. 478, 481 (C.D. Cal. 1998)).  Second, the Court rejected the argument that "a party has standing to challenge a subpoena issued to a nonparty if the objecting party claims some personal right or privilege with regard to the documents sought." *Rhodes Companies*, 475 B.R. at 738.  Though the Court acknowledged that other courts within the Ninth Circuit have applied the rule, it noted that the Ninth Circuit has never applied it.  *Id*. Consequently, the Court undertook a thorough analysis of the standing question under Rule 45(c)(3)(A).  *Id*.

Applying the rules of statutory construction, the Court in declined to a "adopt the 'personal right or privilege' standing rule for motions to quash filed pursuant to Rule 45(c)(3)(A)" and concluded that "only the party subject to the subpoena may bring a motion to quash under Rule 45(c)(3)(A)." *Id*.  at 740-41.  In so concluding, the Court explained:

> In determining the meaning of Rule 45(c)(3)(A) the Court first considers the subsection's plain language . . . Because the plain language of subsection (c)(3)(A) does not address who can bring a motion to quash under (c)(3)(A), the Court considers the broader context of section (c). Rule 45(c) is titled Protecting a Person Subject to a Subpoena." Subsection (c)(1) is directed at the party issuing and serving the subpoena, subsection (c)(2) is directed at the person commanded to produce items, subsection (c)(3)(A) is the subsection in question, subsection (c)(3)(B) is directed at the person who is subject to or affected by the subpoena, and subsection (c)(3)(C) is directed at the party issuing and serving the subpoena.  In short, all subsections are consistent with section (c)'s title "Protecting a Person Subject to a Subpoena," except subsection (c)(3)(B), which explicitly extends protection to persons "affected by" a subpoena.

3

1    Thus, Rule 45(c)'s title is evidence that the primary purpose of Rule 45(c)
     is to protect the person subject to the subpoena, and unless explicitly
2    stated, as in subsection (c)(3)(B), the Rule should be interpreted as
     applying to the person subject to the subpoena only.
3
     . . . .
4
5    Additionally, the inclusion of protections for persons "affected by" a
     subpoena in subsection (c)(3)(B) and the exclusion of such protections in
6    subsection (c)(3)(A) is evidence of the Advisory Committee's intent to
     distinguish between persons subject to and persons affected by a subpoena.
7    If the Advisory Committee had intended subsection (c)(3)(A) to apply to
     persons affected by a subpoena, then the Advisory Committee would have
8    included the same language it included in subsection (c)(3)(B).

9    Lastly, the Advisory Committee Notes suggest that the Committee
     intended for subsection (c)(3)(A) to apply only to persons subject to the
10   subpoena. More specifically, the Committee added section (c) to Rule 45
     in 1991. Fed.R.Civ.P. 45 advisory committee's note to 1991 Amendment.
11   The 1991 Amendment was intended to "clarify and enlarge the protections
     afforded persons who are required to assist the court by giving information
12   or evidence." *Id.* According to the Advisory Committee Notes, section (c)
     "states the rights of witnesses" (i.e., persons subject to the subpoena) and
13   subsection (c)(3) "authorizes the quashing of a subpoena as a means of
     protecting a witness from misuse of the subpoena power." *Id.*

14   *Rhodes Companies*, 475 B.R. at 739-40.

15          In accordance with the reasoning set forth in *Rhodes Companies* as it pertains to a non-

16   party's standing to quash a Rule 45 subpoena pursuant to Rule 45(c)(3)(A)(iii), the undersigned

17   concludes that Palms Place does not have standing.  *See also In re Yassai*, 225 B.R. at 481-82

18   (interpreting Rule 45(c)(3)(A) to preclude a non-party from moving to quash a Rule 45 subpoena

19   issued to another non-party).[2]  This conclusion is limited to the motion from Palms Place and

20   should not be construed to limit or alter the rights or responsibilities of the parties subject to the

21   subpoena.  In particular, the undersigned notes that the party subject to the subpoena in this matter,

22   Wells Fargo, served notice of several objections with respect to the information sought.  Having

23

24   _____

25          [2]  The undersigned also rejects Palms Place's effort to shift its basis for quashing the motion from Rule
     45(c)(3)(A) to Rule 45(c)(3)(B) in its reply because it improperly raises a new argument in a reply brief.  "[I]t is
26   improper for a party to raise a new argument in a reply brief." *United States v. Boyce,* 148 F.Supp.2d 1069, 1085
     (S.D.Cal.2001) *aff'd,* 36 F. App'x 612 (9th Cir.2002) (*citing United States v. Bohn,* 956 F.2d 208, 209 (9th
27   Cir.1992) (other citations omitted). Thus, to the extent Palms Place raised a new basis for its motion its reply
     brief, the Court need not consider the argument.  *See e.g. Avery v. Barsky*, 2013 WL 1663612 (D. Nev.).
28   Moreover, Palms Place has failed to articulate how the information requested falls within Rule 45(c)(3)(B).

done so, the obligation lies with the subpoenaing party to obtain the information. *See* Fed. R. Civ. P. 45(c)(2)(B).

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Non-Party Palms Place, LLC's Motion to Quash Subpoena issued to Wells Fargo Bank (#29) is **denied**.

DATED: September 30, 2013.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**