UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Salem Vegas, LP,

           Plaintiff,

vs.

Anthony Guanci,

           Defendant.

Case No.: 2:12-cv-01892-GMN-CWH

**ORDER**

This action arises out of contract, and is between Plaintiff Salem Vegas, LP, a Delaware Limited Partnership, and Defendant Anthony Guanci, an individual who was previously one of Plaintiff's limited partners. Pending before the Court is Defendant's Motion to Dismiss (ECF No. 39), to which Plaintiff has filed a Response (ECF No. 43) and Defendant has filed a Reply (ECF No. 47).

**I. BACKGROUND**

Plaintiff files this action by and through its General Partner, Salem Vegas Investments, LLC, a Florida limited liability company, alleging causes of action for: (1) breach of contract; (2) contractual breach of the implied covenant of good faith and fair dealing; (3) breach of fiduciary duty; and (4) tortious breach of implied covenant of good faith and fair dealing to limited partners. (First Am. Compl., ECF No. 35.)

Plaintiff alleges that it was formed through a Partnership Agreement and registered with the Nevada Secretary of State in 2005 as a foreign limited partnership for the purpose of investing in the construction of "Palms Place Las Vegas, a Maloof Casino Resort," as documented by the Promissory Note and Loan Agreement executed by Plaintiff and Palms Place, LLC ("Palms Place"). (*Id.*) Plaintiff's initial partners were: (i) Salem Realty, LLC, a

Delaware limited liability company with a 0.1% interest; (ii) Defendant Guanci, a limited partner with a 49.95% interest; (iii) Eugene Kessler, an individual with a 16.65% interest; (iv) Stuart Kessler, an individual with a 16.65% interest; and (b) Jack Kessler, an individual with a 16.65% interest. (*Id.*)

Plaintiff alleges that its managing members were Defendant and Stuart Kessler, with the understanding that Defendant would be responsible for the actual day to day management of the business of Salem Realty, LLC. (*Id.*) Plaintiff alleges that the status of Salem Realty, LLC, was revoked by the state of Delaware, and subsequently Defendant "assumed the duties, fulfilled the position of, and became the *de facto* general partner of [Plaintiff]," in which position he "assumed all of the duties as General Partner and obligations owed to [Plaintiff] and its limited partners." (*Id.* at 3:¶16.)

Plaintiff alleges that Defendant, doing business as Sports Facility Development Consultants, entered into a Consulting Services Agreement without informing the Kesslers, in which Defendant contracted with Palms Place, LLC, for payment "directly tied to and payable from the proceeds of the Construction Loan on the Palms Place property." (*Id.* at 3:¶18 – 4:¶¶19-20.) In doing so, Plaintiff alleges that Defendant "willfully withheld disclosure" and "intentionally diverted funds that would have otherwise been available to Palms Place to repay [Plaintiff] so that he could directly and individually receive the $1 Million Consulting Fee from Palms Place." (*Id.* at 4:¶¶21-22.)

Plaintiff alleges that "[u]pon information and belief, Palms Place, is overdue on certain payments that were to be made to [Plaintiff] in accordance with the Note and Loan Agreement, but [Defendant] has failed to enforce the terms of the Loan Agreement, resulting in the lack of payment to [Plaintiff]." (*Id.* at 5:¶26.) Plaintiff alleges that Defendant executed a Subordination and Intercreditor Agreement in March 2006 without its knowledge or consent, in which Palms Place was relieved of its obligations to make payments pursuant to the Loan

1   Agreement, "at least until the Construction Loan was fully paid." (*Id*. at 6:¶30.)

2   Plaintiff alleges that the Kesslers first learned of the Subordination Agreement in 2012, and that Defendant failed to maintain appropriate records, file tax returns and state documents, failed to take appropriate legal action and to act on behalf of Plaintiff in the assertion and enforcement of its rights under the Partnership Agreement, the Note, and the Loan Agreement. (*Id*.) Accordingly, Plaintiff alleges its claims against Defendant for violations under the Partnership Agreement and related implied duties.

Plaintiff originally filed its Complaint (ECF No. 1) naming Eugene Kessler as plaintiff, and alleging claims against Palms Place, but subsequently amended its pleading, and dismissed Palms Place from the action. (ECF Nos. 19, 31.)

**II. LEGAL STANDARD**

Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing

1  *Twombly*, 550 U.S. at 555) (emphasis added).

2  In order to survive a motion to dismiss, a complaint must allege "sufficient factual
3  matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*,
4  556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has facial plausibility
5  when the plaintiff pleads factual content that allows the court to draw the reasonable inference
6  that the defendant is liable for the misconduct alleged." *Id.*

7  "Generally, a district court may not consider any material beyond the pleadings in ruling
8  on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the
9  complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard*
10 *Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted).  Similarly,
11 "documents whose contents are alleged in a complaint and whose authenticity no party
12 questions, but which are not physically attached to the pleading, may be considered in ruling on
13 a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for
14 summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Under Federal Rule
15 of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay*
16 *Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court considers
17 materials outside of the pleadings, the motion to dismiss is converted into a motion for
18 summary judgment. *See* Fed. R. Civ. P. 12(d); *Arpin v. Santa Clara Valley Transp. Agency*, 261
19 F.3d 912, 925 (9th Cir. 2001).

20 If the court grants a motion to dismiss, it must then decide whether to grant leave to
21 amend.  Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so
22 requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on
23 the part of the movant, repeated failure to cure deficiencies by amendments previously allowed,
24 undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the
25 amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Generally, leave to amend is

only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc*., 957 F.2d 655, 658 (9th Cir. 1992).

### III. DISCUSSION

Defendant moves for dismissal of Plaintiff's claims pursuant to Rule 12(b)(6) on the grounds that plaintiff cannot allege sufficient factual support for its claim of damages, that the claims are not ripe because no money is owed to Plaintiff, that Defendant is not the proper party for Plaintiff's claims because he is not the general partner, and that any cognizable claims are barred by applicable limitations periods. (Mot. Dismiss, ECF No. 39.)

With his motion, Defendant provides a declaration attaching copies of the Consulting Services Agreement (Ex. A to Guanci Decl., ECF No. 39-2), the Partnership Agreement (Ex. B to Guanci Decl., ECF No. 39-3), the Intercreditor Agreement and Agreement Regarding Release of Condo Units (Ex. E to Guanci Decl., ECF No. 39-9), and the Loan Agreement and Building Loan Agreement (Exs. C, D, ECF Nos. 39-4 – 39-6).

The Court's review of the Partnership Agreement indicates that Plaintiff's claims are governed by Delaware law, and particularly the Delaware Revised Uniform Partnership Act ("DRUPA"), *see* 6 Del. C. §§ 15-1202. (Partnership Agreement, § 13.2.)  The Partnership Agreement also provides that the partners agree to submit to mediation and arbitration "[i]f a dispute arises out of or relates to this Agreement, or the breach thereof." (Partnership Agreement, § 9.4.)

The Court's review of the Partnership Agreement indicates that all of Plaintiff's claims are governed by Delaware law, and particularly the Delaware Revised Uniform Partnership Act ("DRUPA"), *see* 6 Del. C. §§ 15-1202. (Partnership Agreement, § 13.2.)  The Partnership Agreement also provides that the partners agree to submit to mediation and arbitration "[i]f a dispute arises out of or relates to this Agreement, or the breach thereof." (Partnership Agreement, § 9.4.)

Although neither party addresses the mediation and arbitration requirement of the Partnership Agreement, the Court finds that the terms in this section of the Partnership Agreement are unambiguous, and it alone appears to divest the Court of jurisdiction to adjudicate Plaintiff's claims where there is no allegation that Plaintiff has complied.

Regardless of the merit of Defendant's arguments in its motion, the Court finds that the terms of the Partnership Agreement require a finding that Plaintiff fails to state a claim upon which relief can be granted in its First Amended Complaint.  Plaintiff simply fails to allege that the requirement to submit to mediation and arbitration under the Partnership Agreement is inapplicable to its claims.  Without such an allegation and corresponding factual support, the Court cannot find that any of Plaintiff's claims are legally cognizable, and thus must be dismissed.

Notwithstanding this conclusion, the Court finds no grounds justifying denial of leave to amend, and the Court will permit Plaintiff to amend its pleading if this deficiency can be cured.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss (ECF No. 39) is **GRANTED**. Plaintiff's First Amended Complaint (ECF No. 35) is dismissed without prejudice.  Plaintiff is given leave to file an amended pleading by January 24, 2014, curing the deficiencies identified in this Order.  Failure to do so by this deadline will result in dismissal of this action with prejudice.

**DATED** this 2nd day of January, 2014.

_____
Gloria M. Navarro
United States District Judge