UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| Salem Vegas, LP, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2:12-cv-01892-GMN-CWH |
| vs. | ) | |
| | ) | **ORDER** |
| Anthony Guanci, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pending before the Court is the Motion to Reconsider (ECF No. 72) filed by non-party Palms Place, LLC ("Palms Place"), in objection to United States Magistrate Judge Carl W. Hoffman's September 30, 2013, Order (ECF No. 69) denying Palms Place's Motion to Quash Subpoena Issued to Wells Fargo Bank, N.A. (ECF No. 29). Plaintiff Salem Vegas, LP, filed a Response (ECF No. 78).

## I.    BACKGROUND

In February 2013, Palms Place filed its Motion to Quash Subpoena Issued to Wells Fargo Bank, N.A. (ECF No. 29), after it had been voluntarily dismissed from the instant action. Although the motion was originally granted for non-opposition, Judge Hoffman later vacated that ruling and entered the instant Order denying the motion. (ECF No. 69.) As recited by Judge Hoffman, Palms Place sought to quash a Rule 45 subpoena issued to Wells Fargo Bank, N.A., requesting certain bank records and information in which Palms Place has an interest. (*Id.*) In his Order, Judge Hoffman concluded that Palms Place did not have standing to bring its motion to quash under Rule 45(c)(3)(A)(iii), also noting that Palms Place did not properly bring its motion pursuant to Rule 45(c)(3)(B). (*Id.* at 4 & n.2.)

Now, Palms Place seeks review of Judge Hoffman's Order pursuant to D.Nev. R. IB 3-1. (ECF No. 72.)

## II. LEGAL STANDARD

Under the Local Rules of Civil Practice for the District of Nevada, "[a] district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case pursuant to LR IB 1-3, where it has been shown that the magistrate judge's ruling is clearly erroneous or contrary to law." D.Nev. R. IB 3-1(a). "The district judge may affirm, reverse, or modify, in whole or in part, the ruling made by the magistrate judge," and "may also remand the same to the magistrate judge with instructions." D. Nev. R. IB 3-1(b).

## III. DISCUSSION

Here, Palms Place argues that Judge Hoffman's ruling "is based upon a mistake in both the facts and law," and therefore "requests that it be overturned." (Mot. Reconsider, 3:18-19, ECF No. 72.)

Having reviewed the relevant briefs, the Court finds no clear error on the part of Judge Hoffman in concluding that Palms Place failed to properly bring its motion pursuant to Rule 45(c)(3)(B). Because the applicable legal standard is vital to adjudication of a motion, a party requesting relief from the Court is rightly held responsible for clearly articulating the legal basis for the relief it requests. Where a party fails to "state with particularity the grounds for seeking the order," Fed. R. Civ. P. 7(b)(1)(B), a judge commits no clear error in omitting analysis of unspecified alternative grounds upon which a party might seek relief.

Furthermore, the Court cannot find that Judge Hoffman's reliance upon the reasoning in *In re Rhodes Companies, LLC*, 475 B.R. 733 (D.Nev. 2012), is contrary to law, particularly where such reliance was based upon the opinion's persuasive value. Accordingly, the Court finds no grounds to overturn Judge Hoffman's ruling on this basis. To the extent that Palms Place argues that Judge Hoffman's analysis, in relying upon *In re Rhodes*, is "at odds with the numerous other courts that have addressed the issue as well as the Advisory Committee," (Mot. Reconsider, 12:8-10), the Court also finds no grounds to overturn Judge Hoffman's ruling.

Palms Place provides no citation to any controlling legal authority that indicates that Judge Hoffman's ruling is "contrary to law."

Accordingly, the Court does not find that Judge Hoffman's Order is "clearly erroneous or contrary to law," and will deny Palms Place's motion.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Reconsider (ECF No. 72) is **DENIED**.

**DATED** this 11th day of July, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Court