1  Kevin S. Sinclair
   Nevada State Bar No. 12277
2  *ksinclair@earlysullivan.com*
   EARLY SULLIVAN WRIGHT
3    GIZER & McRAE LLP
   3883 Howard Hughes Parkway, Suite 790
4  Las Vegas, Nevada 89169
   Telephone:  (702) 331-7593
5  Facsimile:  (702) 331-1652

6  Eric P. Early, California State Bar No. 166275
     (*Admitted Pro Hac Vice*)
7  *eearly@earlysullivan.com*
   Christopher I. Ritter, California State Bar No. 143473
8    (*Admitted Pro Hac Vice*)
   *critter@earlysullivan.com*
9  EARLY SULLIVAN WRIGHT
     GIZER & McRAE LLP
10 6420 Wilshire Boulevard, 17th Floor
   Los Angeles, California 90048
11 Telephone:  (323) 301-4660
   Facsimile:  (323) 301-4676
12
   Attorneys for Defendant
13 ANTHONY GUANCI

14                    **UNITED STATES DISTRICT COURT**

15                         **DISTRICT OF NEVADA**

16

17 SALEM VEGAS, L.P., a Delaware Limited          Case No.: 2:12-cv-01892-GMN-CWH
   Partnership, by and through its General
18 Partner, Salem Vegas Investments, LLC, a       **JOINT STATUS REPORT AND**
   Florida limited liability company,             **STIPULATION AND ORDER TO**
19                                                 **MODIFY SCHEDULING ORDER**
                    Plaintiff,
20                                                    **(EIGHTH REQUEST)**
            vs.
21
   ANTHONY GUANCI, an individual,
22
                    Defendant.
23

24

25

26

27

28



**STIPULATION AND ORDER TO MODIFY SCHEDULING ORDER**

88184.3

1    On October 17, 2014, the Court issued its written order (ECF No. 144) granting

2  Anthony Guanci's motion to dismiss plaintiff Salem Vegas, LP's ("Salem") second

3  amended complaint.  Salem then filed its third amended complaint on November 12, 2014,

4  per the Court's order (ECF No. 147).  On December 3, 2014, Mr. Guanci filed a motion to

5  dismiss the third amended complaint, and the parties filed their respective response and

6  reply on December 22, 2014 and January 1, 2015 (ECF No. 148, 149, 150).  Mr. Guanci's

7  motion remains under submission with the District Court.

8    Because Mr. Guanci's motion remains under submission, and this case is still at the

9  pleadings stage (among other things, Salem is unaware of what affirmative defenses Mr.

10  Guanci intends to pursue, or whether Mr. Guanci intends to assert any counterclaims, as Mr.

11  Guanci has not yet been required to assert such pleadings), the Parties respectfully submit

12  that good cause exists for the Honorable Magistrate Judge to modify the existing scheduling

13  order, as it would be premature for the parties to, among other things, complete expert

14  discovery before they know what claims, defenses and counterclaims might be at issue.

15  Accordingly, Mr. Guanci and Salem, by and through their respective counsel, hereby

16  stipulate and agree, pursuant to Local Rules 6-1 and 26-4, and subject to Court approval, to

17  modify the Court's February 20, 2015 Scheduling Order (ECF No. 154) as set forth herein.

18    1.    On February 20, 2015, the Honorable Magistrate Judge entered an Order

19  (ECF No. 154) which set the following deadlines:

20    - Initial expert designations: June 5, 2015

21    - Rebuttal expert designations: July 6, 2015

22    - Discovery cutoff: August 4, 2015

23    - Dispositive motions: September 4, 2015

24    2.    As set forth above, the Parties bring the instant stipulation to modify the

25  scheduling order because, at present, Mr. Guanci's motion to dismiss Salem's third

26  amended complaint remains under submission, and the June 5, 2015 deadline for initial

27  expert designations is rapidly approaching.  As a result, Mr. Guanci does not know what

28  claims against him will survive the pleadings stage, nor does Salem know what affirmative


EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

1
**STIPULATION AND ORDER TO MODIFY SCHEDULING ORDER**

88184.3

defenses or counterclaims will even be asserted by Mr. Guanci.  The Parties have completed a significant volume of written and document discovery.  The majority of what remains at this juncture are the depositions of certain percipient witnesses and all expert discovery.  As explained in greater detail below, the Parties respectfully request a 180-day extension of the deadlines set forth in the current scheduling order because the pleadings are currently in a state of flux, and the parties are loathe to incur the expense attendant with completing discovery before the pleadings are even set.

3.     On **November 12, 2014**, Salem filed a Third Amended Complaint (ECF No. 147) for breach of contract and fraudulent inducement.  On **December 3, 2014**, Guanci filed a motion to dismiss the third amended Complaint (ECF No. 148)  Salem filed its Response (ECF No. 149) on **December 22, 2014**, and Guanci filed his Reply to the Response on **January 1, 2015** (ECF No. 149).  The motion is not currently set for hearing, and the June 5, 2015 deadline to make initial expert disclosures is approaching.

4.     Because the pleadings are not set, under the current schedule, the Parties will be forced to expend significant resources attempting to complete discovery (including in particular the costs associated with retaining experts to analyze the case and prepare reports), all without actually knowing what claims and defenses are being litigated (as it is unclear whether there will be an operative complaint pending, as well as what form it will take, until the court issues its order).  Accordingly, both sides agree that the most prudent course of action would be to stipulate to an extension of the presently-pending discovery deadlines, so that the Court can resolve this round of pleadings motions.

5.     **Discovery Completed**:  As set forth above, the Parties have completed a significant volume of written and document discovery.  The parties have also completed the deposition of Salem's Eugene Kessler, Stuart Kessler, Ray Parello and Salem's 30(b)(6) designee (subject to a handful of disputes regarding the propriety of certain objections and the preparedness of the 30(b)(6) designee to testify on certain topics).

6.     **Discovery Remaining to be Completed**:  In addition to the exchange of expert disclosures and rebuttal expert disclosures, the parties anticipate the depositions of

88184.3

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

the following individuals:   Guanci and Salem Vegas Investments, LLC (per FRCP 30(b)(6)).   The Parties recognize that the need for some of these depositions might be obviated, and the need for other depositions as well as additional document discovery might become apparent, once the pleadings are settled.

7.   **<u>Reasons Why Discovery Will Not Be Completed Before the Expiration of the Current Deadlines</u>**:  As set forth in the above paragraphs 1 through 4, the purpose of this stipulation is to ensure that the proverbial cart does not come before the proverbial horse – namely, that the pleadings will be set before the Parties (which have already conducted significant threshold discovery) are forced to incur the significant expense of expert discovery.

8.   **<u>Requested Modification to the Scheduling Order</u>**: Based on the foregoing, the Parties respectfully request that the current deadlines be modified as follows (or to such other dates as the Honorable Magistrate Judge deems appropriate):

- Initial expert designations: December 2, 2015
- Rebuttal expert designations: January 2, 2016
- Discovery cutoff: February 1, 2016
- Dispositive motions: March 2, 2016

///
///
///
///
///
///
///
///
///
///
///



**STIPULATION AND ORDER TO MODIFY SCHEDULING ORDER**

88184.3

9.   Good cause exists to extend the deadlines for the reasons discussed above. Therefore, the Parties respectfully request that the Honorable Magistrate Judge approve this Stipulation.

Respectfully submitted,

*/s/--Kevin S. Sinclair*
By: _____
Kevin S. Sinclair
EARLY SULLIVAN WRIGHT
  GIZER & MCRAE LLP
3883 Howard Hughes Parkway, Suite 790
Las Vegas, Nevada 89169
*Attorneys for Defendant Anthony Guanci*

*/s/--Steve Bimston*
By: _____
Eduardo I. Rasco, Esq.
Steve Bimston, Esq.
ROSENTHAL, ROSENTHAL RASCO
  KAPLAN, LLC
One Aventura, Suite 600
20900 Northeast 30th Avenue
Aventura, Florida 33180
*Attorneys for Plaintiff Salem Vegas, LP*

**<u>ORDER</u>**

IT IS SO ORDERED.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge
Dated:  May 18, 2015.



EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

4

**STIPULATION AND ORDER TO MODIFY SCHEDULING ORDER**

88184.3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on May 15, 2015, I caused to be served the **foregoing JOINT STATUS REPORT AND STIPULATION AND ORDER TO MODIFY SCHEDULING ORDER (EIGHTH REQUEST)** via electronic mail through the United States District Court's CM/ECF system to the following at their last known electronic mail address:

David A. Carroll, Esq.
Rice Reuther Sullivan & Carroll
3800 Howard Hughes Parkway, Suite 1200
Las Vegas, Nevada 89169
dcarroll@rrsc-law.com

Eduardo I. Rasco, Esq.
Steve M. Bimston, Esq.
Rosenthal Rosenthal Rasco Kaplan, LLC
One Aventura, Suite 600
20900 Northeast 30th Avenue
Aventura, Florida 33180

*Attorneys for Plaintiff*

*/s/--Kevin S. Sinclair*

_____
KEVIN S. SINCLAIR


EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

88184.3